# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| RONALD JABRIEL ROBINSON,　Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 3:13-CR-0002-TCB-RGV-3 |
| UNITED STATES OF AMERICA,　Respondent. | :: :: :: | CIVIL ACTION NO. 3:15-CV-0179-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Ronald Jabriel Robinson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 110], the government's response, [Doc. 116], and Robinson's reply, [Doc. 119]. For the reasons that follow, it is **RECOMMENDED** that Robinson's § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a three-count indictment against Robinson and co-defendants Curtis Lavert Raiford, Anthony Rasul Garrett, and Fa'rd Jones, charging Robinson in Count One with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 1951; in Count Two with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and in Count Three with knowingly using,

carrying and brandishing a firearm during the course of the bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 1]. Represented by court appointed counsel Michael H. Saul ("Saul"), Robinson entered a non-negotiated guilty plea to all three counts. [Docs. 18, 37, 93]. At the plea hearing, the government summarized what the evidence would show if the case went to trial. [Doc. 93 at 9-13]. Specifically, the prosecutor said the evidence would show that on November 24, 2012, Robinson and co-defendants Raiford and Garrett robbed the SunTrust Bank located at 1849 Carrollton Villa Rica Highway in Villa Rica, Georgia. [Id. at 9-10]. Jones gave a firearm to the other three co-defendants to use in the robbery on November 24, 2012. [Id. at 13]. Robinson waited outside in a car and acted as the getaway driver, while Raiford and Garrett entered the bank. [Id. at 10]. Raiford carried the firearm into the bank, which he pointed at the victim teller once he was inside. [Id.]. Garrett held a black bag open for the teller, and Raiford ordered the teller to "give him the money." [Id.]. The robbers fled with $6,830. [Id. at 11]. Very shortly thereafter, sheriff deputies saw the getaway car and a high-speed chase ensued. [Id.]. Ultimately, Robinson crashed the vehicle and all three men were arrested. [Id.]. Robinson agreed with these facts and admitted that he was guilty as charged. [Id. at 13]. The Court accepted Robinson's plea. [Id. at 14].

At the sentencing hearing, Robinson further admitted that he knew that his co-defendants intended to rob the bank and that one of the two had a firearm in the car before entering the bank, but he asserted that he did not know that his co-defendant was going to brandish the firearm inside the bank. [Doc. 94 at 2, 10]. The Court imposed a total sentence of 116 months of imprisonment. [Id. at 14-15; Doc. 73].

Still represented by Saul, Robinson filed a direct appeal. [Doc. 76]. Saul moved to withdraw his representation and filed an Anders v. California, 386 U.S. 738 (1967), brief indicating potentially appealable issues–including that Robinson was not guilty of Count Three because he claimed that he did not know a firearm would be used during the robbery–but recommending that those issues lacked merit. Anders Br. (Jan. 28, 2014), United States v. Robinson, 578 F. App'x 812 (11th Cir. 2014) (No. 13-14101), 2014 WL 494932. Robinson opposed the brief and motion, arguing that his conviction on Count Three should be vacated in light of Rosemond v. United States, 134 S. Ct. 1240 (2014),[1] because he "disputed knowing that his co-defendants would brandish the firearm during the robbery," and in light of Alleyne v. United States, 133

---

[1] On March 5, 2014, in Rosemond, the United States Supreme Court held that a § 924(c) defendant must have *advance* knowledge of his confederate's plan to carry a firearm. Rosemond, 134 S. Ct. at 1249.

3

S. Ct. 2151 (2013),[2] because he "adamantly contested" that he aided and abetted "a brandishing of the firearm." Resp. To Mot. To Withdraw (May 27, 2014), Robinson, No. 13-14101. On August 20, 2014, the Eleventh Circuit Court of Appeals granted Saul's motion and, finding no arguable issues of merit after an independent review of the entire record, affirmed Robinson's convictions and total sentence. Robinson, 578 F. App'x 812.

Robinson timely filed this pro se § 2255 motion, reasserting his Rosemond and Alleyne claims and further arguing that Saul was ineffective for failing to "raise, brief and argue" those claims on direct appeal. [Doc. 110 at 4-6]. The government responds that Robinson's grounds for relief lack merit, but has not specifically addressed his ineffective assistance of appellate counsel claim. [Doc. 116 at 5-13]. Robinson replies, reiterating the merits of his grounds for relief. [Doc. 119].

## II.  DISCUSSION

### A.  General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

---

[2] In Alleyne, the United States Supreme Court held that "any fact that increases the mandatory minimum[, including brandishing a firearm under § 924(c)(1)(A)(ii),] is an 'element' that must be submitted to the jury." Alleyne, 133 S. Ct. at 2155.

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

**B.     Robinson's Challenge to his § 924(c) Conviction**

"It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the Eleventh Circuit] rejected in his direct appeal." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (citations omitted). See also Brown v. United States, Nos. CV411-167, CR407-308, 2012 WL 1605152, at *8 (S.D. Ga. May 8, 2012)

5

(finding that defendant was barred from raising claims in his § 2255 motion that were rejected on direct appeal, even though the government had not raised the re-litigation issue), report and recommendation adopted, 2012 WL 1898872, at *1 (S.D. Ga. May 23, 2012). "[A]n issue presented is presented, . . . even if raised only in the *pro se* response to an Anders brief." Stoufflet, 757 F.3d at 1242 (alterations and citation omitted). In Stoufflet, the Eleventh Circuit concluded that the defendant was procedurally barred from re-litigating a claim that he had raised on direct appeal in his response to counsel's Anders brief, as it had "necessarily rejected" that claim when it affirmed his convictions and granted counsel's motion to withdraw. Id.

Robinson raised the same challenges to his § 924(c) conviction in his response to Saul's Anders brief that he presents in grounds one and two of this § 2255 motion. [Doc. 110 at 4-5]; Resp. To Mot. To Withdraw, Robinson, No. 13-14101. Additionally, although Saul filed his Anders brief before Rosemond was decided, he noted as a potentially appealable issue that Robinson was not guilty of Count Three because Robinson claimed that he did not know a firearm would be used during the robbery. Anders Br. at 16, Robinson, 578 F. App'x 812, 2014 WL 494932 at *13. Because the Eleventh Circuit "necessarily rejected" these claims when it affirmed Robinson's convictions and granted Saul's motion to withdraw, which was after the

6

Rosemond decision, Robinson is procedurally barred from re-litigating these issues in this § 2255 motion. Stoufflet, 757 F.3d at 1242.[3]

## C. Assistance of Counsel on Appeal

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim

---

[3] As to the merits of Robinson's claims, the government argues that Robinson's contentions that his § 924(c) conviction should be vacated because he did not know or foresee that his co-conspirator would brandish a firearm during the robbery and that he should be re-sentenced because he did not admit to brandishing the firearm fail because: (1) the record is sufficient to show that Robinson knowingly participated in his co-conspirator's brandishing of the firearm as he had advance knowledge of his co-conspirator's possession of the firearm early enough to have had a realistic opportunity to quit the crime but did not do so; and (2) Robinson was not required to have personal or constructive possession of the firearm to be liable under § 924(c)(1)(A) since his co-conspirator's actions were reasonably foreseeable. [Doc. 116 at 6-13]. In his reply, Robinson admits that he saw the firearm in his co-conspirator's possession as the co-conspirator "got ready to exit the car and go into the bank," but contends that he did not leave the scene because he feared for his safety and that of his family. [Doc. 119 at 3]. To the extent Robinson is contending that he became aware that a firearm was being carried by a co-conspirator too late to withdraw, it is unpersuasive since he remained in the car as the getaway driver and had the opportunity to walk, or drive, away from the crime. See Rosemond, 134 S. Ct. at 1249-50. Moreover, to the extent he is relying on the defense of duress based on the claim that he feared for his safety and that of his family, his claim fails as a matter of law. See United States v. Herre, 930 F.2d 836, 838 (11th Cir.1991) (per curiam) (a defendant relying on duress defense must show "an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that there was no legal alternative to violating the law."). Thus, if the merits of his motion are reached, it is alternatively **RECOMMENDED** that his § 2255 motion be denied for the reasons persuasively argued by the government.

7

of ineffective assistance of counsel must establish both that counsel's representation was deficient and that counsel's deficient representation prejudiced him. Id. at 689-91, 694. "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland." Dell v. United States, 710 F.3d 1267, 1273 (11th Cir. 2013) (citations omitted). Thus, to succeed on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate "that counsel's performance was so deficient that it fell below an objective standard of reasonableness . . . [and] that but for the deficient performance, the outcome of the appeal would have been different." Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011). A court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Robinson argues that Saul was ineffective for failing to present Robinson's challenges to his § 924(c) conviction on direct appeal. [Doc. 110 at 6]. However, Saul's Anders brief did note Robinson's alleged innocence of the § 924(c) offense as a potentially appealable issue. Anders Br. at 16, Robinson, 578 F. App'x 812, 2014 WL 494932 at *13. Moreover, even assuming that Saul's presentation of this issue was somehow deficient, Robinson cannot show prejudice. Robinson presented his challenges to his § 924(c) conviction in his response to Saul's Anders brief. Resp. To

8

Mot. To Withdraw, <u>Robinson</u>, No. 13-14101.  The Eleventh Circuit "necessarily rejected" those claims when it affirmed Robinson's convictions and granted Saul's motion to withdraw.  <u>Stoufflet</u>, 757 F.3d at 1242.  Accordingly, Robinson cannot show that the outcome of his appeal would have been more favorable had Saul performed differently.  <u>Ferrell</u>, 640 F.3d at 1236.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

9

Based on the foregoing discussion of Robinson's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 110], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 28th day of March, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)